IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LYLE Q. BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-14-1137-R |
| | ) |
| TRACY McCOLLUM, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, appearing pro se, challenges his state court conviction in a writ of habeas corpus. United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has examined the petition and recommends that it be dismissed on filing.

### I.     Background.

In Coal County District Court, Case No. CF-2006-64, a jury found Petitioner guilty of first-degree murder, and the court sentenced him to life imprisonment without the possibility of parole on April 3, 2007. Doc. 1, at 1, 5. Petitioner did not appeal, and after unsuccessfully seeking post-conviction relief, he filed a writ of habeas corpus in the United States District Court for the Eastern District of Oklahoma. *Id.* at 2, 4. That court dismissed his

habeas petition on grounds of untimeliness, and the Tenth Circuit Court of Appeals denied a certificate of appealability. *Id.* at 4-5; *see also Brown v. McCollum*, 515 F. App'x 759, 759-60 (10th Cir. 2013).

## II. The petition's proper characterization.

Petitioner brings this petition under 28 U.S.C. § 2241(c)(3), Doc. 1, at 1, which extends a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, Petitioner challenges his conviction's validity, and not his sentence's execution. Doc. 1, at 5-10. So, the court must construe Petitioner's claims as arising under 28 U.S.C. § 2254. *See Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section § 2241 is a vehicle for . . . attacking the execution of a sentence . . . . A § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence." (citations omitted)); *Daniel v. Franklin*, 512 F. App'x 800, 802 (10th Cir. 2013) ("Because § 2241 was not the appropriate avenue of relief for challenging the validity of Mr. Daniel's [conviction], the district court properly construed Mr. Daniel's petition as one brought pursuant to § 2254.").

## III. The petition's successiveness.

As noted above, Petitioner has previously challenged his first-degree murder conviction in a writ of habeas corpus. Federal law provides that "[b]efore a second or successive application . . . is filed in the district court,

2

the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). When a petition is "second or successive," and the Tenth Circuit has not granted authorization, the court lacks jurisdiction. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

Petitioner does not allege that he has sought and been granted authorization to proceed with his second writ of habeas corpus, and the undersigned finds no evidence of such. So, the undersigned finds that the court lacks jurisdiction over Petitioner's successive petition.

Under such circumstances, the court may either transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631," or, it may dismiss the petition. *Id.* "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Tenth Circuit] for authorization." *Id.*

The undersigned finds that dismissal, rather than transfer, is appropriate. Petitioner's claims are time-barred and the Tenth Circuit has already ruled that "[j]urists of reason would not find it debatable whether the district court correctly dismissed Brown's petition as untimely." *Brown*, 515 F. App'x at 760. So, there is no risk that a meritorious successive claim will

3

be lost absent transfer. *See Warren v. Kansas*, 532 F. App'x 802, 802-03 (10th Cir. 2013) (denying petitioner's request for a certificate of appealability and his alternative request for authorization to file a second or successive § 2254 habeas petition and agreeing with the district court's decision to dismiss, rather than transfer, petitioner's successive habeas petition on grounds that his first petition was "dismissed as time-barred").

IV. **Recommendation and notice of right to object.**

For the foregoing reasons, the undersigned recommends that the court construe Petitioner's petition as arising under § 2254 and dismiss it as second and successive.

The undersigned advises Petitioner of his right to file an objection to this report and recommendation with the Clerk of this Court by November 23, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Clerk of the Court is instructed to electronically forward a copy of this report and recommendation to the Oklahoma Attorney General on behalf of Respondent at the following address: fhc.docket@oag.state.ok.us.

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 3rd day of November, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE