# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

LYLE Q. BROWN, )
                                            )
      Petitioner, )
                                            )
v. )    Case No. CIV-14-1137-R
                                            )
TRACY McCOLLUM, )
                                            )
      Respondent. )

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Suzanne Mitchell entered November 3, 3014. Doc. No. 5. Petitioner has filed an Objection to the Magistrate Judge's conclusions in the Report and Recommendation. Doc. No. 6. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's objections.

Petitioner, a state prisoner appearing pro se, brings a Petition for Writ of Habeas Corpus challenging his conviction and sentence. Doc. No. 1, at 5. He alleges that he was denied a competency hearing in violation of his due process rights and his right against self-incrimination. *Id.* at 5-6. The Magistrate Judge recommends dismissing the petition because Petitioner has already filed a petition for habeas relief under 28 U.S.C. § 2254 challenging his conviction, that petition was denied as untimely, and Petitioner has not obtained an order from the Tenth Circuit authorizing the Court to consider his second petition. *See* 28 U.S.C. § 2244(b)(3)(A).

Petitioner argues that the Court should not construe his petition filed under 28 U.S.C. § 2241 as a second petition under § 2254 because he is challenging the execution

of his sentence, not the validity of his conviction. Doc. No. 6, at 4. The Court construes Petitioner's filings liberally because is a pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This means that "if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* (footnote omitted). But the court will not "assume the role of advocate for the pro se litigant." *Id.*

The Court is unable to reasonably read the petition as challenging the execution of Petitioner's sentence. Petitioner alleges that "the conviction for first degree murder is constitutionally defective because he was denied a competency hearing," none of his family members were called to testify to his "thirty year history of alcohol abuse and irrational behavior," the state court prevented him from directly appealing his conviction, and he could not knowingly and intelligently waive his right to an appeal because he was incompetent. Doc. No. 1, at 5-10. The only reasonable way to construe the petition is as a challenge to the validity of Petitioner's conviction and sentence, which is brought under § 2254.

The undersigned agrees with the thorough and well-reasoned Report and Recommendation of the Magistrate Judge. This Court lacks jurisdiction over Petitioner's successive petition for habeas relief under § 2254, and there is no risk that a meritorious claim would be lost by dismissing the petition instead of transferring it to the Tenth

2

Circuit. Accordingly, the Report and Recommendation is ADOPTED in its entirety and the petition [Doc. No. 1] is DISMISSED.

IT IS SO ORDERED this 24th day of November, 2014.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE